■ LeRoi & Associates, Inc., Appellant, v Kenneth T. Bryant et al., Respondents, et al., Defendants. [697 NYS2d 897] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Plaintiff commenced this action to recover damages and restitution and to obtain an accounting for defendants' alleged fraud, conversion, and breach of contract, among other grounds for relief. Plaintiff sued six defendants, of which there remain only three: Kenneth T. Bryant, Richard Ingersoll and New Towne House Restaurant, doing business as Café Zanzibar (defendants). Supreme Court previously granted a preclusion order entered against defendants as a result of their failure to comply with discovery demands. Plaintiff moved for summary judgment against defendants based on that preclusion order and the parties' evidentiary submissions. Plaintiff appeals from that portion of an order that denied its motion for summary judgment.

The court erred in denying that part of plaintiff's motion seeking summary judgment on the cause of action for breach of contract. Plaintiff sustained its burden by submitting proof in admissible form, consisting of averments of plaintiff's principal, documentary evidence, and defendants' admissions, all demonstrating as a matter of law that plaintiff entered into a contract with defendants and that defendants breached various of their obligations thereunder. In particular, plaintiff demonstrated as a matter of law that defendants did not honor plaintiff's right to exclusive management of the restaurant, failed to account to plaintiff for income and expenses, and failed to pay plaintiff its proper share of net profits. Defendants failed to raise a triable issue of fact in opposition to the motion. They submitted no documents and no nonconclusory averments by anyone with personal knowledge of the facts.

Plaintiff failed to sustain its burden of demonstrating its entitlement to judgment as a matter of law on its remaining causes of action. We have considered the contention that plaintiff is entitled to summary judgment based on the order of preclusion, and we conclude that it is without merit. Thus, we modify the order by granting that part of plaintiff's motion seeking summary judgment on the cause of action for breach of contract. (Appeal from Order of Supreme Court, Erie County, Stathacos, J.H.O.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Scudder and Callahan, JJ.